# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS (TEXARKANA DIVISION)

-----------------------------------------------------------------------)
GHJ HOLDINGS, LLC               )
     Relator,               )
                  )     **Case No.: 5:11-cv-00048**
                  )
     vs.               )
                  )
RHYTHM TECH, INC.,         )
                  )
     Defendant.           )
-----------------------------------------------------------------------)     **JURY TRIAL DEMANDED**

## RHYTHM TECH INC'S NOTICE OF MOTION AND MOTION FOR A TEMPORARY STAY OF THE LITIGATION

Defendant Rhythm Tech, Inc. ("Rhythm Tech" or "Defendant") by and through its counsel, respectfully moves for an Order staying this case in its entirety for an initial period of 180 days to allow time for Congress to pass, and the President to sign, legislation that both the Senate and the House have already overwhelmingly approved and which awaits only agreement by the Congressional Conference Committee on a joint version of the legislation. (Both the Senate and House bills include virtually identical provisions that retroactively bar *qui tam* plaintiffs from pursuing lawsuits under 35 U.S.C. § 292), or for the Federal Circuit to rule in the currently pending appeals in *Unique Products Solutions, LTD. v. Hy-Grade Valve, Inc*, (Federal Circuit Case No. 1011-1254), and  *United States ex. Rel. FLMC, LLC v. Whom-O, Inc*. (Federal Circuit Case No. 10-CV –435), (W.D. Pa. 2010) appeal docketed, No. 11-1067 (Fed. Cir. 2010). Plaintiff GHJ Holdings, Inc.'s only cause of action is based on 35 U.S.C. § 292 and its *qui tam* provisions. Inasmuch as the legislation approved by both Houses of Congress retroactively bars *qui tam* plaintiffs from pursuing lawsuits under 35 U.S.C.§ 292, the legislation, upon becoming law will remove GHJ's standing. In addition, if the Federal Circuit upholds the District Courts'

1

decisions in *Unique Products* and *Wham-O*, the *qui tam* portion of 35 U.S.C. § 292 would be declared unconstitutional under the take care clause of the United States Constitution.  Any or all of these matters will be resolved soon, possibly even during the summer months, and Rhythm Tech therefore seeks an order from this Court staying the entire case for 180 days to allow these matters to reach resolution.  Defendant also requests that the Court set a status conference for 180 days from now, at which time the Court can determine whether or not to continue the stay.

## I.    INTRODUCTION

By this motion, Defendant Rhythm Tech, Inc., ("Rhythm Tech") seeks a 180-day stay of this case to allow for the conclusion at least one of the of three following potential events  – one legislative and two judicial – each of which appears likely to resolve, or at least to significantly affect, this lawsuit. Plaintiff GHJ Holdings LLC's ("GHJ's") Complaint is based on allegations that Rhythm Tech fraudulently marked product(s) and/or packaging and advertising in connection with the "Falsely Marked Products" patents. The "Falsely Marked Products"[1] Complaint relies entirely on 35 U.S.C. § 292, and its *qui tam* provisions, which allow a private plaintiff who has *not* been damaged to nonetheless sue for alleged fraudulent patent marking.[2] In response to a recent flood of such *qui tam* false marking lawsuits – many of which are designed to secure nothing more than quick settlements to avoid litigation and expenses to "professional" plaintiffs and/or severely by such plaintiffs who otherwise have no interest in marking issues. Congress has acted to ban these lawsuits entirely by passing H.R. 1249 ("America Invents Act")

---

[1] Complaint pars. 8, 9.

[2] GHJ, which as its sole enterprise files such *qui tam* suits against parties in many different industries, is not in the musical instruments business and has not and could not have been damaged by any alleged acts of Rhythm Tech Inc. The Complaint admits that GHJ is bringing the action on a *qui tam* basis only, based on alleged injury to the United States and not to itself. See Complaint ¶¶ 1, 20-36.

and S.B. 23 ("Patent Reform Act of 2011).  Both the Senate and House bills amend the current

law – in virtually identical language – to bar opportunistic *qui tam* plaintiffs, such as GHJ, from

bringing such claims.[3] Even at this moment, the legislation awaits the appointment of conferees

to draft a joint bill to then be approved by both Houses of Congress.  In light of the

overwhelming majorities[4]  by which the legislation has been approved, executive approval is

expected.[5] As stated above, the legislation would apply retroactively and therefore resolve this

case in its entirety by removing GHJ's standing to bring this case as a *qui tam* plaintiff.  Thus, by

every indication there is a strong likelihood that GHJ will lose standing to bring this case in the

very near future.

    Also, the U.S. Court of Appeals for the Federal Circuit, moreover, heard oral argument

just last Thursday, July 7, in *United States ex. Rel. FLMC, LLC v. Whom-O, Inc*. (Federal Circuit

Case No. 10-CV –435), (W.D. Pa. 2010) appeal docketed, No. 11-1067 (Fed. Cir. 2010), in

which the District Court ruled that 35 U.S.C § 292 violates the U.S. Constitution because the

statute does not provide for adequate executive branch involvement in enforcement, thus being

inconsistent with the "take care" clause of the Constitution. As Rhythm Tech will certainly raise

this issue here, the Federal Circuit's ruling will likely provide binding guidance or be dispositive

in this case.

    The situation is similar with respect to the similar case awaiting decision by the Federal

Circuit.  In *Unique Products Solutions, LTD. v. Hy-Grade Valve, Inc.* (Federal Circuit Case No.

1011-1254) the  District Court also ruled that 35 U.S.C § 292 violates the U.S. Constitution

---

[3] The Senate bill Section (2)(K) provides, in pertinent part, as follows: "(b) Any person who has suffered a
competitive injury as a result of a violation of this section may file a civil action in a district court of the United
States for recovery of damages adequate to compensate for the injury." "(2) EFFECTIVE DATE – The amendments
made by this subsection shall apply to all cases, without exception, pending on or after the date of the enactment of
this Act."  The House Bill is identical except for the first word being "Any" instead of "A".

[4] The vote in the Senate was 95 to 5, and in the House, 304 to 117 with 10 abstaining.
[5] Complaint pars. 8, 9.

because the law does not provide for adequate executive branch involvement in enforcement of the statute, thus being incompatible with the "take care" clause of the Constitution.  The Federal Circuit's ruling will likely provide binding guidance or be dispositive in this case. The Federal Circuit could announce a decision well within the requested 180-day stay.

GHJ itself must acknowledge that, in light of these highly significant and relevant pending matters, it would be a waste of the resources of both the Court as well as of the parties to continue with this litigation, including costly motion practice and costly discovery – for the entire case will likely be resolved and rendered moot in the very near future by Congressional and/or Federal Circuit action.

In addition, a stay is unlikely to prejudice GHJ.  Indeed, to engage in litigating this case for the next 180 days will accomplish nothing for GHJ, since either Congress or the Federal Circuit is likely to bar the case entirely – thereby mooting any litigation activity, motion practice or discovery that does occur during this intervening period. Neither would the public suffer any prejudice from a 180-day stay.  The allegations in GHJ's Complaint, even, arguendo, if taken as true and sufficient, do not set forth injuries that require immediate action; nor can GHJ show otherwise. As Congress has clearly concluded a strong public policy against such *qui tam* actions by passing legislation containing virtually identical provisions barring retroactively actions such as the instant one, and although, in theory, there could be a meritorious *qui tam* action under 35 U.S.C. § 292, these cases are often designed to force a quick settlement, premised upon the natural desire by defendants to avoid the time and expense and business disruptions in defending a lawsuit. Indeed, as Congress has become aware and wary, most false marking lawsuits are often filed in questionable cases, where the patent markings do not truly mislead. When hefty majorities in both Houses of Congress have concluded that retroactively and permanently

4

banning this brand of lawsuit is a worthy goal, it is difficult for GHJ to argue that a 180-day stay would be unreasonably detrimental to the public's interest.


## II.    RELEVANT BACKGROUND

GHJ filed its Complaint on February 17, 2011 and served it on  June 22, 2011 (the Complaint.). When Rhythm Tech contacted Randall Garteiser, counsel for GHJ, and an officer of the plaintiff company, seeking an extension of the time to respond to the complaint, Mr. Garteiser almost immediately suggested settling the case.

Rhythm Tech is in the business of manufacturing and selling percussion instruments and drum accessories.  GHJ is not in the business of manufacturing and/or selling musical instruments or any related business; rather GHJ has filed its complaint as a *qui tam* plaintiff on behalf of the United States of America. Complaint at ¶¶ 1, 20-36.

According to GHJ's Complaint, some of Rhythm Tech's instruments improperly bear patent numbers under 35 U.S.C. § 292.  GHJ asserts that the markings violate § 292's prohibitions on fraudulent marking of products with inapplicable patents.

Rhythm Tech is contemporaneously also filing a Motion To Dismiss the case.  Should the Court grant the requested stay, the Motion to Dismiss would not be heard until after expiration of the 180-day period of the stay.

## III.   A STAY IS WARRANTED

### A.   Legal Standard

A district court possesses inherent power to stay its proceedings.[6] This power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket, in accordance with principles of economy of time and effort for itself, for counsel, and for litigants.[7]

When considering a motion to stay, the district court should consider three factors:  (1) potential prejudice to the non-moving party; (2) hardship and inequity for the moving party if the action is not stayed, and (3) the judicial resources that a stay would conserve.[8] The determination of whether to stay a case is best accomplished by the exercise of judgment, which must weigh competing interests and maintain an even balance.[9]  In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to await the outcome of another that may substantially affect it or be dispositive of the issues.[10] Where two different cases share common issues, a stay is often appropriate. *Cucci v. Edwards*, 2007 WL 3396234 at *2 (C.D. Cal. Oct. 31, 2007).  It may also be appropriate to stay a case, or one or more parts of a case, pending the outcome of legislative action. *See e.g. Action Wholesale Liquors, et al v. Oklahoma Alcoholic Beverage Laws Enforcement Commission*, 463 F.Supp.2d 1294, 1306 (W.D.Okla. 2006) (staying the

---

[6] *Cameras Onsite, LLC v. Digital Mgmt. Solutions, Inc.,* 2010 U.S. Dist. LEXIS 28648, 5-6 (S.D. Tex. Mar. 24, 2010), citing Soverain Software LLC v. Amazon.com, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936)).

[7] *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)), see also Cameras Onsite, 2010 U.S. Dist. LEXIS 28648, 5-6.

[8] *Soverain Software LLC v. Amazon.com*, 356 F. Supp. 2d at 662.

[9] Id.

[10] *American Life Ins. Co. v. Stewart,* 300 U.S. 203, 215, 57 S.Ct. 377, 81 L.Ed. 605 (1937)); see also 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1838 (2d ed.1987)

imposition of remedies in a case to allow time for Congress to enact anticipated legislation); *Costco Wholesale Corp. v. Hoen*, 407 F.Supp.2d 1247, 1256 (W.D.Wash.2005) (staying entry of judgment in an alcohol distribution case in order to provide the State Legislature with sufficient time to act on this matter).

   **B.   This Case Appears Likely To Be Resolved by Congressional or Judicial Action in the Near Future**

      **1.   Pending Legislation Appears Likely To Soon Remove GHJ's Standing To Pursue This Case**

In response to a recent flood of litigation (such as this case) stemming from the Federal Circuit's *Forest Group, Inc. v. Bon Tool Co*., 590 F.3d 1295 (Fed. Cir. 2009) decision, both the U.S. Senate and the House of Representatives have overwhelmingly passed legislation denominated the "Patent Reform Act of 2011" in the Senate and the "America Invents Act" in the House of Representatives that would bar suits such as this one by removing the standing of any would-be *qui tam* plaintiff.[11]

All indications are that the Act, having passed both Houses of Congress by overwhelming margins, will again be passed by the House in the form agreed on by the House and Senate conferees, and soon thereafter will be signed into law by the President.

In its present form, 35 U.S.C. § 292 provides, in pertinent part, as follows: "(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other

---

[11] Other legislation has also been introduced to stem the epidemic of *qui tam* suits by professional plaintiffs who are not in any way adversely affected by any alleged mismarking other than having a purely financial interest in a quick settlement that would neither benefit the "public" nor the government. See, for example, the Patent Lawsuit Reform Act of 2011 (H.R. 243) introduced in Congress on January 6, 2011, which would also limit lawsuits only to entities that "have suffered a competitive injury" as a result of alleged mismarking and also limiting any recovery to $500.

to the use of the United States." The new sub-section, approved by Congress, removes the preceding *qui tam* provision, replacing it with the following language:

"(1) CIVIL PENALTY: Section 292(a) of title 35, United States Code, is amended by adding at the 'end the following: 'Only the United States may sue for the penalty authorized by this subsection.' (2) CIVIL ACTION FOR DAMAGES: Subsection (b) of section 292 of title 35, United States Code, is amended to read as follows: (b) A person who has *suffered a competitive injury* as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to *compensate for the injury*. (3) EFFECTIVE DATE: The amendments made by this *subsection shall apply to any case that is pending on, or commenced on or after, the date of the enactment of this Act*. Under the new statute, GHJ, as a *qui tam* plaintiff, would lose standing to sue, because the Congressional bill removes section 292(b) of the current statute, which provides *qui tam* standing and replaces it with a requirement that a plaintiff have suffered "competitive injury" in order to have standing to sue. *Id.*

The bill also only allows the government to seek the civil penalties. *Id.* In accordance with subsection c, the new statute will apply retroactively. Should a joint bill attain Congressional approval and the President's signature – an eventuality that is far more likely now than not – GHJ and other *qui tam* plaintiffs, would have no standing to sue in a case like the instant one and all these cases would have to be summarily dismissed.

It indeed appears that this bill will be passed and signed in the relatively near future, perhaps during the Summer or early Fall.

### 2.   GHJ's Complaint does not allege that it has suffered competitive injury.

GHJ admits that it has not suffered any injury and that it brings this action only on behalf of  the purported public interest as a *qui tam* plaintiff. Complaint at ¶¶ 1, 20-36.

### 3.   The *Unique Products* Appeal Could also Resolve or Significantly Affect This Case

The Federal Circuit Court of Appeals' of the *Unique Products* case, in which final briefing will conclude on September 19, also could resolve, or significantly affect, this lawsuit. In *Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, the district court found that 35 U.S.C. § 292 is unconstitutional because it violates the "take care" clause of Article II of the U.S. Constitution, which provides that the executive branch shall faithfully execute the laws of the United States. *Unique Prod. Solutions, LTD. v. Hy-Grade Valve, Inc.*, No. 5:10-CV-1912, 2011 U.S. Dist. LEXIS 18237 (N.D. Ohio, Feb. 23, 2011). In its opinion, the district court noted that the patent false marking statute (35 U.S.C. § 292) permits any private citizen to bring a criminal lawsuit in the name of the United States, but that the statute does not include any provision which necessitates notifying the Department of Justice. *Id.*  The court also observed that under the statute, parties can enter into settlement agreements without any government approval, guidance, or oversight. Based on these facts, the court determined that the statute failed to provide any mechanism of control for the executive branch; because the executive branch is not sufficiently involved, therefore, the district court held that the statute is unconstitutional. *Id.* Although the court later vacated its original opinion to allow the government to intervene, the court reaffirmed its earlier order relating to unconstitutionality. *Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 5:10CV-1912, 2011 U.S. Dist. LEXIS 25328, at *5 (N.D. Ohio Mar 14, 2011).

The ruling is currently on appeal in the Federal Circuit (pending as Federal Circuit Case No. 2011-1254). Greenspan Decl. Ex. F. As stated above, September 19 has been set as the deadline for reply briefs, after which oral argument and the decision of the Court of Appeals will follow. *Id.*

If the decision of the district court in *Unique Products* is upheld, the *qui tam* provisions of 35 U.S.C. § 292 will be deemed unconstitutional, and GHJ will lose its standing to bring this case. Even viewed in isolation, the reasoning of the district court in *Unique Products* was sound, and in any case, the Federal Circuit soon will make a determination regarding the constitutionality of the law.

In fact, numerous district courts have granted stays in false marking cases in similar situations, i.e., where the outcome of appeals before the Federal Circuit was awaited. For circuit court cases regarding the interpretation of 35 U.S.C. § 292 (on issues different from those raised in *Unique Products*), *see e.g., inter alia, Hollander v. B. Braun Medical, Inc.*, Case No. 5:10-cv-00835 (E.D.Pa); *San Francisco Technology, Inc. v. Adobe Systems Inc.* 2010 WL 1463571, (N.D.Cal.2010); *Pequingnot v. The Gillette Corp.*, Case No. 2:02-cv-22 (E.D.Tex) (stay granted on Sept. 18, 2009); *Brule Research Assocs. Team LLC v. A.O. Smith Corp.*, Case No. 2L:08-cv-1116 (E.D.Wisc); *Public Patent Found., Inc. v. GalxoSmithKline Consumer Healthcare*, L.P., Case No. 2:09-cv-05881 (S.D.N.Y.) (stay granted on Feb. 17, 2010); *Hollander v. Timex Group USA et al.*, Case No. 10-429 (E.D.Pa.) (stay granted on May 5, 2010). As in those cases, it is unnecessary in the instant case for the parties to embark upon costly litigation, researching and briefing complex constitutional issues, in advance of the Federal Circuit's ruling, which will significantly inform, and most probably completely resolve, those very issues.

### C.      A Short Stay Will Significantly Promote Judicial Economy
### and Conserve the Parties' Resources

A stay in the instant case would conserve significant resources of this Court and the

parties. *See Walt Disney Co., 980 F. Supp. at 1360* (judicial economy and hardship to the parties

is a key issue in determining whether to issue a stay). Indeed, a short stay could avoid the

needless expenditure of tens of thousands of dollars – perhaps more – in unnecessary attorney's

fees related to motion practice, general case preparation, and discovery. Needless to say, in the

next several months, discovery alone could cost crippling amounts, if Rhythm Tech is forced to

respond to (and perhaps propound) document requests and interrogatories and to prepare for and

defend depositions. In addition, GHJ, by seeking expert discovery related to the patents, could

force Rhythm Tech to incur huge expenses. Preparation of discovery motions would further drain

the parties' financial resources, leaving aside the issue of preventing Rhythm Tech from running

its business properly during the continuing economic downturn.

For the Court, judicial resources would be wasted in hearing motions, resolving discovery

disputes, and addressing the myriad issues that inevitably arise in litigation, particularly patent

litigation – and this in the face of Congress's intent to ban this lawsuit entirely. Likewise, there is

no need for the parties and this Court to squander time and money arguing the very issues

addressed in the *Wham-O* and *Unique Products* appeals, where a short stay would allow the

Federal Circuit to provide guidance.

Moreover, a stay would avoid a significant amount of time unnecessarily spent by

Rhythm Tech employees handling this matter. Discovery alone would place a heavy burden on

Rhythm Tech employees – requiring them to gather and review documents in response to

document requests, to respond to interrogatories and to participate in depositions.

Finally, and of great significance, a stay could avoid potentially conflicting judgments between this case and the *Wham-O* and *Unique Products* appeals. The Federal Circuit's decisions in these cases could resolve, or at least significantly inform, threshold constitutional issues that will inevitably be raised by motion practice. Should this Court rule differently from the Federal Circuit, the result could be confusion and waste of the Court's and parties' resources in conforming this Court's ruling to the holdings in the Federal Circuit appeals. Such confusion could ensue if this Court rules the same as the lower courts on issues to be decided in the Federal Circuit appeals; should the Court of Appeals overturns the district court's rulings, time and resources would be wasted in resolving the conflicting rulings – likely resulting in lengthy delays in reaching resolution of the issues by appeal or motions to vacate.  Of course, such delays would far exceed the 180 days sought for the stay of the instant case.

### D.        Plaintiff Will Not Be Prejudiced by a Stay of This Action

GHJ cannot possibly identify any reason why it will be prejudiced by a short stay.

GHJ  is not a competitor of Rhythm Tech and is only bringing this action as a *qui tam* plaintiff for financial gains.  Complaint ¶¶ 1, 20-36.  In any litigation, a 180-day stay would likely not be very significant; that is especially true here, where it is clear that GHJ has suffered no harm. *Id*. Mere delay in monetary recovery alone is not sufficient to deny a stay, particularly where the threshold issue of standing can be conclusively resolved by waiting for Congress and the Federal Circuit to act. *See San Francisco Technology, Inc. v. Adobe Systems Inc*., 2010 WL 1463571, 4 (N.D.Cal. 2010).  Likewise, Congress has already made clear that there is no pressing need to avoid a stay to protect the public. Even if taken as true (which they need not be), the nature of the allegations in the Complaint (which Rhythm Tech denies) certainly do not require immediate resolution.

GHJ does not claim that other parties (especially competitors) have in fact been confused or damages by these markings; its allegations of fraud and damage are vague and speculative.

Therefore, in the end, a 180-day stay is relatively short in the context of federal litigation. Much longer delays commonly occur as a matter of course and for many other reasons, often in cases involving much more pressing issues. Rhythm Tech is not seeking a permanent stay, merely sufficient time to allow Congress and/or the Federal Circuit, or both, to act. Thus, in 180 days, or sooner if action is taken by then, Rhythm Tech proposes that the parties report to the Court on the status of the case so that the Court can determine whether a further stay is warranted, or, if necessary, the disposition of the case. Indeed, the fact alone that Congress views these lawsuits as inappropriate and worthy of being banned evidences a strong public policy against such suits and is eloquent testimony that a stay is warranted. When Congress has acted overwhelmingly to retroactively and permanently ban this lawsuit, it is ludicrous for GHJ – a professional plaintiff – to argue that a 180-day stay would be unreasonably detrimental to the public interest.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Rhythm Tech respectfully requests that this Court stay this entire action for 180 days, or if sooner, until Congress has voted on the Patent Reform Act of 2011 and the President has signed the bill. Rhythm Tech also requests that the Court set a

status conference for the end of the 180-day period to determine whether a further stay is

warranted.


Dated:  July 13, 2011                    By: /s/ Myron Greenspan
                                         Myron Greenspan
                                         (New York State Bar No. 1308618)
                                         Lackenbach Siegel, LLP
                                         One Chase Road
                                         Scarsdale, NY 10583
                                         Phone (914) 723-4300
                                         Fax (914) 723-4301
                                         mgreenspan@lsllp.com
                                         *(pro hac vice)*

                                         Attorney for Defendant
                                         Rhythm Tech, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the document was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this 13th day of July, 2011.

*/s/ Myron Greenspan*
Myron Greenspan

## CERTIFICATE OF CONFERENCE

Counsel has complied with the "Meet and Confer" requirement of Local Rule CV-7(h). On July 13, 2011, Myron Greenspan of Lackenbach Siegel LLP, counsel for Rhythm Tech. Inc., and Randall T. Garteiser, counsel for GHJ, participated in a conference via telephone. Mr. Garteiser indicated that the attorneys for GHJ had already read the filed motions to stay and to transfer venue but would not agree with the motions nor any parts thereof, and would oppose any such motions. No agreement was reached and discussions ended in an impasse, leaving open issues for the Court to resolve.

*/s/ Myron Greenspan*
Myron Greenspan