**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS**
**(TEXARKANA DIVISION)**

| | |
|---|---|
| GHJ HOLDINGS, LLC ) <br> Relator, ) <br> ) <br> vs. ) <br> ) <br> RHYTHM TECH, INC., ) <br> ) <br> Defendant. ) | Case No.: 5:11-cv-00048 <br><br> EMERGENCY MOTION <br><br> JURY TRIAL DEMANDED |

**EMERGENCY MOTION BY RHYTHM TECH INC. TO STAY**
**THE RULE 26(f) CONFERENCE UNTIL 21 DAYS AFTER**
**RESOLUTION OF RHYTHM TECH'S PENDING MOTIONS**

Defendant Rhythm Tech, Inc.("Rhythm Tech") respectfully urgently moves pursuant to Local Rule CV-7(m) to stay the Rule 26(f) Conference until 21 days after the Court issues an Order resolving Rhythm Tech's pending Motions to Dismiss pursuant to Fed. R. Civ. P. 8(a), 9(b) and 12(b)(6) (Docket #7), temporarily stay the litigation (Docket #12) and/or to transfer pursuant to 28 U.S.C. §1404(a) (Docket #13). ("Pending Motions"). In the alternative, Rhythm Tech respectfully requests that the Court stay the parties' obligations to respond to any discovery until at least 21 days after the Court issues an Order resolving the Pending Motions.

**I. BACKGROUND**

When Plaintiff GHJ Holdings LLC ("GHJ") filed this *qui tam* false marking suit in February 2011, Rhythm Tech joined the ranks of nearly 1000 other corporations and individuals who have been sued for false marking in the last four years under the previously-dormant False Marking Statute, 35 U.S.C. § 292. GHJ alone has filed dozens of cookie-cutter false marking complaints against various corporations. (Exhibit A).

1

GHJ is a *qui tam* plaintiff pursuant to 35 U.S.C. § 292(b), who purports to "bring[ ] this qui tam action on behalf of the United States of America" in order "to recover the civil penalty for false patent marking." (Complaint, ¶ 1.) GHJ has alleged that Rhythm Tech falsely marked two of its tambourine products with numbers of expired patents, U.S. Patent No. 4,230,015; D259,047 and D268,419 ("Patents"). (Complaint, ¶ 8.) As a *qui tam* plaintiff, GHJ will bear relatively little burden during discovery. Instead, given the nature of the case and the status of GHJ, the great majority of the burden and expense associated with any discovery will almost certainly be borne by Rhythm Tech.

The cookie cutter Complaint that GHJ filed against Rhythm Tech in February 2011 fails to plead sufficient facts to demonstrate intent to deceive the public as required by the False Marking Statute. Recognizing this deficiency, on July 12, 2011 Rhythm Tech moved to dismiss the suit based on the Complaint's failure to meet Fed. R. Civ. P. 9(b)'s requirement that fraud be plead with particularity. Rhythm Tech further sought dismissal based on the Complaint's failure to comply with Fed. R. Civ. P. 8(a)'s requirement that a complaint allege enough facts to state a claim for relief that is plausible on its face. (Docket #7) Under the Court's Local Rules, briefing on Rhythm Tech's Motion to Dismiss will not be completed until August 2, 2011. Local Rule CV-7(e), (f). Briefing on the Motions to Stay and/or to Transfer Venue will not be completed until August 3, 2011.

Just one day after Rhythm Tech filed its Motion to Dismiss on July 12, 2011, the Court entered an Order to Conduct a Rule 26(f) Conference, which "directed the parties to confer as required by Fed. R. Civ. P. 26(f) no later than **JULY 19, 2011**." (Docket # 11). Approximately one hour after that Order was issued, GHJ requested a Rule 26(f) Conference. (Ex. B, 07/13/2011, Email Garteiser to Greenspan.)

## II. THE RULE 26(f) CONFERENCE SHOULD BE STAYED PENDING RESOLUTION OF RHYTHM TECH'S PENDING MOTIONS

**A. Legal Standard**

Federal Rule of Civil Procedure 26(c) permits a district court, for good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the . . . discovery." Fed. R. Civ. P. 26(c)(1). A "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Further, staying discovery pending determination of a dispositive motion is an appropriate means to prevent unnecessary expenditures of time and effort of all parties, and to make the most efficient use of judicial resources. *Chavous v. Dist. Of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001).

**B. Allowing Discovery To Proceed Would Undermine The Gatekeeping Role Of Rule 9(b)**

Proceeding with discovery prior to resolution of Rhythm Tech's Pending Motions would defeat Rule 9(b)'s gatekeeping function "to assure that only viable § 292 claims reach discovery and adjudication." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011). In *BP Lubricants*, the Federal Circuit held that false marking suits are subject to Rule 9(b)'s requirement that fraud *be pled with particularity*. *Id.* at 1311. The court reasoned that "by eliminating insufficient pleadings at the initial stage of litigation, Rule 9(b) prevents relators from using discovery as a fishing expedition." *Id.* at 1310. The court further noted that allowing false marking suits to proceed without meeting Rule 9(b) "would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than

negligent action." *Id.* at 1311. Thus, Rule 9(b) acts "as a safety valve to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery."

Under *BP Lubricants*, staying the Rule 26(f) Conference pending resolution of Rhythm Tech's Pending Motions would preserve the gatekeeping function of Rule 9(b). Because discovery may be served once the "parties have conferred as required by Rule 26(f)," GHJ will be permitted to serve, what is believed will be extensive and oppressive "boiler plate" discovery requests as soon as the Rule 26(f) Conference occurs. Fed. R. Civ. P. 26(d)(1). Under the Court's July 13 Order, the Rule 26(f) Conference will necessarily occur no later than July 19 – long before briefing will be complete on Rhythm Tech's Pending Motions under the Local Rules. (Docket # 11.) Thus, without a stay of the Rule 26(f) Conference, GHJ will be permitted to circumvent Rhythm Tech's Pending Motions in order to engage in just the type of "fishing expedition" discovery that Rule 9(b)'s application to false marking suits is meant to prevent. Accordingly, the Court, respectfully, should stay the Rule 26(f) Conference, and hence, the beginning of discovery, until at least 21 days after the resolution of Rhythm Tech's Pending Motions.

## C. A Stay Is An Appropriate Remedy To Avoid Unnecessary Discovery Expenses

A stay pending resolution of Rhythm Tech's Pending Motions should also be granted because it would avoid unnecessary expenditures of time and effort of all parties, and make the most efficient use of judicial resources. Rhythm Tech's Pending Motions seek dismissal with prejudice of the sole false patent marking claim in this case, stay of the litigation and/or transfer of venue. Thus, a stay is appropriate here because it could avoid the need for the parties to engage in unnecessary and costly discovery should any one of Rhythm Tech's Pending Motions be granted. Further, it would preserve judicial resources by obviating the need for the Court to

resolve discovery disputes that may be mooted by the grant of any one of Rhythm Tech's Pending Motions.

Staying the Rule 26(f) Conference pending resolution of Rhythm Tech's Pending Motions is an appropriate means to prevent "serial" plaintiff GHJ from leveraging unnecessary discovery expenses to achieve an unwarranted settlement. 1 In *Parallel Networks LLC v. AEO, Inc.*, No. 6:10-cv-275, slip op. at 6 (E.D. Tex. Mar. 15, 2011), the Plaintiff sued over 100 defendants with the goal of early resolution via settlement in a range that amounted to litigation costs. Recognizing that Plaintiffs' strategy "present[ed] Defendants with a *Hobson*'s choice: spend more than the settlement range on discovery, or settle for what amounts to cost of defense," Judge Davis instead opted to depart from the Court's Patent Rules and standard docket control in order to remedy Defendants' double-bind. As in *Parallel Networks,* Rhythm Tech seeks a remedy to resolve the *Hobson*'s Choice created by serial plaintiff GHJ's cost-settlement strategy or tactic, and respectfully requests the Court stay the Rule 26(f) Conference until resolution of Rhythm Tech's Pending Motions, which, if granted, could resolve all issues in this case and avoid the need for any discovery.

Moreover, the relief sought by Rhythm Tech is similar to that granted in at least one other false marking suit pending in this district. In *Main Hastings LLC v. Pfizer Inc.*, No. 2:10-cv-00599 (E.D. Tex.), the Court granted a motion to extend the time for the parties to submit a Rule 26(f) report until two weeks after the entry of an order deciding Pfizer's Pending Motions under Fed. R. Civ. P. 8(a) and 9(b). (*Main Hastings*, No. 2:10-cv-00599, Dkt. 17, Order.) In *Main Hastings,* the parties filed a joint motion requesting the same type of relief as requested here: staying the scheduling aspects of this case in advance of the Rule 16 Conference to conserve the Court's and the parties' time and resources in view of Defendants' Pending Motions. Notably,

the Courts in this District have expressed concern about the type of strategy and tactics employed by GHJ, which has sued numerous corporations in a transparent effort to extract settlements to avoid the costs of litigation. *See, e.g.*, *Raylon, LLC v. Complus Data Innovations*, No. 6:09-cv-355, slip op. at 5 (E.D. Tex. Mar. 9, 2011) ("[T]his Court has some concerns about plaintiffs who file cases with extremely weak infringement positions in order to settle for less than the cost of defense and have no intention of taking the case to trial. *Such a practice is an abuse of the judicial system and threatens the integrity of and respect for the courts*.") (Emphasis added). (*Main Hastings*, No. 2:10-cv-00599, Dkt. 16, Joint Mot.) There are no material differences between the facts here and those in *Main Hastings*; accordingly, at least the same relief is appropriate.

A stay is particularly appropriate in this case because GHJ cannot seriously or reasonably point to any harm or prejudice that it may suffer as a result of the stay. GHJ does not claim that it has or is suffering any personal injury as a result of Rhythm Tech's alleged false marking; instead, its Complaint alleges only that the United States, "potential competitor[s]" and the "public" allegedly may have been harmed. (Complaint ¶¶ 20-36.)  Further, GHJ's actions indicate that resolution of GHJ's false marking claim is not urgent. Despite alleging that the '015 patent expired "no later than August 31, 1998". (Complaint ¶10), the '047 patent expired "no later than April 28, 1995" (Complaint # 11) and the '419 patent expired "no later than March 29, 1997",  GHJ waited until February 2011 to sue Rhythm Tech – waiting between approximately 3-6 years. This suit was not even brought in GHJ's first wave of false marking suits – it was filed over 2 months after GHJ's first round of suits were filed in December 2010. (Exhibit A).  If GHJ's claims in this suit were so pressing, it would have brought them earlier. GHJ cannot claim

that it is now somehow injured by a short stay postponing discovery, especially given its 3-6 years of delay in bringing suit.

### III. AT MINIMUM, THE COURT SHOULD STAY THE DEADLINE FOR RESPONDING TO DISCOVERY

In the alternative, and for the same reasons as noted above in support of staying the Rule 26(f) Conference, Rhythm Tech respectfully requests that the Court stay the time for responding to **all** discovery requests until at least 21 days after resolution of Rhythm Tech's Pending Motions.  The fact that the parties filed a joint motion in *Main Hastings* illustrates that at least one other false marking plaintiff has recognized that staying discovery costs is mutually beneficial.

### IV. CONCLUSION

The Court is respectfully requested to stay the Rule 26(f) Conference until 21 days after the Court issues an order resolving Rhythm Tech's Pending Motions. In the alternative, the Court respectfully should stay the deadline for responding to **all** discovery requests until at least 21 days after resolution of Rhythm Tech's Pending Motions.

Dated: July 18, 2011                                        Respectfully submitted,

                                                        By:_/s/ Myron Greenspan
                                                          Myron Greenspan
                                                          (New York State Bar No. 1308618)
                                                          Lackenbach Siegel, LLP
                                                          One Chase Road
                                                          Scarsdale, NY 10583
                                                          Phone (914) 723-4300
                                                          Fax (914) 723-4301
                                                          mgreenspan@lsllp.com
                                                          *(pro hac vice)*

                                                          Attorney for Defendant
                                                          Rhythm Tech, Inc.